Coe *v.* Bradley.

EBENEZER S. COE, *in Equity, versus* ISRAEL B. BRADLEY.

Where the Land Agent, being authorized to sell the right to cut timber and grass on lots reserved for public uses in a certain township, to any part owner who should elect to purchase, otherwise to any other person, sold such right to B, who is not proved to have been a part owner, — but with a *parol* understanding that any proprietor might participate in the purchase if he should so elect, — this does not create a trust, either express or implied, for the benefit of the owners of the township, who have not paid or tendered to B any part of the purchase money; and a bill in equity, brought by C, who is a part owner, for a share in the purchase, he offering to pay his proportion, will be denied.

The provisions of the statute of 1850, c. 196, were gratuitous, and neither B nor C has any claim on the State for damages, if conveyance of the right in question is refused by the Land Agent; nor can C have any greater claim against the grantee of the State, than against the State.

BILL IN EQUITY. The bill sets forth, that Samuel A. Bradley, being the owner of township No. 1, range 5, in Somerset county, commonly called "West Middlesex township," conveyed to George Evans, October 19, 1836, 4000 acres in common and undivided; that Evans conveyed the same to the plaintiff, November 24, 1850; that, on petition of the plaintiff, commissioners appointed by the Supreme Court first set off 960 acres, being lots reserved in the original grant for public uses, and then made partition of the township amongst the proprietors, and their report was accepted by the Court; that, on July 30, 1851, the Land Agent conveyed to the defendant the right to cut timber and grass on the reserved lots until the township should be organized as a plantation; that the defendant, as the plaintiff believes, took said conveyance in trust for the benefit of the proprietors of the township; and that the plaintiff is equitably entitled to a proportionate share of said conveyance, he offering to pay his share of the purchase money; but that the defendant neglects to convey to the plaintiff as requested.

The defendant, in his answer, admits the title of the plaintiff to 4000 acres of the land, and the conveyance by

Coe v. Bradley.

the Land Agent to the defendant of the right to cut timber and grass on the reserved lots; but denies that there was any agreement or understanding at the time of the conveyance, that he should hold it in trust for the proprietors of the township, or that he had any conversation with either of them relative to his purchase. He further states that the purchase was negotiated with the Land Agent by Abner Coburn, Esq., and that Coburn informed him that, by an understanding with the Land Agent, Evans and the other owners were to participate in the purchase, if they should think proper; that the defendant paid Coburn for the purchase, $400 and interest, from his own money; that he, in October or November, 1851, informed Evans of the purchase, and that he was willing to admit him to a participation on his making a proportional payment, but said Evans has never offered or tendered payment, nor demanded conveyance of a proportional share. He admits that, in the summer of 1853, Coe informed him that he claimed a share in the timber purchased, by paying a proportional share of the price paid for it, and, in 1860, he received a letter from Coe's attorney relative to it, to which he made no answer. He claims that, if the plaintiff ever had any claim to a conveyance of a proportional share, it is barred by the lapse of six years since said claim accrued; and alleges that, in 1860, when he received the letter referred to, more than nine years and six months had elapsed since his purchase, during which time, by the growth of the timber, and increase of its market price, the value had been enhanced, &c.

The testimony of George Evans tended to prove that, sometime prior to 1852, he had a conversation with Bradley, in which Bradley informed him of his purchase, and of his willingness to admit him to a proportional share by his making due payment; and that afterwards, when he sold to Coe, he sold him the 4000 acres he owned in the township, with whatever right he had to the timber and grass on the public lots, but without warranting his title to the latter.

*J. S. Abbott*, for the plaintiff.

*Philip Eastman*, for the defendant.

The ópinion of the Court was drawn up by

DAVIS, J.—In certain townships of land formerly owned by the State, when sold, there were lots reserved for public use. By c. 196 of the laws of 1850, the Land Agent was authorized to sell the right to cut and carry away the timber and grass from such lots, to the persons owning any township, provided they should elect to purchase; otherwise to any other person.

The plaintiff purchased about one-sixth part of the "West Middlesex township," in the county of Somerset, of George Evans, Nov. 24, 1850. Whether the defendant was an owner of any part, is not alleged. He appears by the proofs to have been a part owner; but of how much, it does not appear.

July 30th, 1851, the defendant purchased of the Land Agent the right to cut and carry away the timber and grass from the reserved lands in said township. His deed was absolute; but there was an understanding, by parol, between him and the Land Agent, that the proprietors of said township should have the benefit of participating in said purchase.

The plaintiff afterwards claimed to participate in the purchase; but he never paid or tendered to the defendant any part of the purchase money. He offers, in the bill before us, to pay his proportion; and he asks the interposition of the Court to compel the defendant to convey such proportion to him.

It is claimed that the defendant took the interest conveyed, in trust, for the benefit of the owners of the township. If so, the trust must have been express, or implied. There was no express trust, unless it was created by the parol understanding between him and the Land Agent. But such trusts cannot be enforced in this State. R. S. c. 73, § 11.

Was there any *implied* trust? The statute of 1850 does not provide for any conveyance in trust. If implied, it

Coe *v.* Bradley.

must be by general principles of law, from the rights of the parties, under the circumstances of the case.

Neither the plaintiff nor the defendant had any claim to a conveyance from the State. The offer made by the statute of 1850, was gratuitous. If the Land Agent had refused to convey to either of the parties, neither would have had any claim for damages. The conveyance to the defendant, therefore, did not injure the plaintiff. If it deprived him of anything, it was something to which he had no right.

Whether the Land Agent had any authority to convey to any person not a part owner of the township, until the owners had refused to purchase, is a question which the *State* might raise. Or, if the Land Agent should afterwards convey to such owners, *they* might raise the question as between themselves and the prior grantee. But unless they obtain such a conveyance, they have no interest in the property. And, having no *right* to a conveyance from the State, they have no right to a conveyance from a grantee of the State. If the State treats the conveyance of the Land Agent as valid, other persons have no right to complain.

The plaintiff is a stranger to the title of the property in question. As against the State, he has no claim or right to it in law, or equity. He is not in a position to contest the title of the defendant. There is no implied trust, for there is no right or interest from which such a trust can result.

*Bill dismissed.*

RICE, APPLETON, CUTTING, KENT and WALTON, JJ., concurred.